# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SAJID ALI KHAN, | ) | |
| | ) | **Case Number:** |
| Petitioner, | ) | |
| | ) | **1:23-cv-04645-JPB** |
| vs. | ) | |
| | ) | |
| ANWA BIBI, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO PETITIONER'S COMPLAINT

**COMES NOW** ANWA BIBI, Respondent, and files this, her *Response to Petitioner's Complaint*[1] and shows this Court the following:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Respondent never wrongfully removed or retained the minor children within the meaning of the International Child Abduction Remedies Act (hereinafter "the Act"). Thus, Petitioner failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Minor Children are well settled within the meaning of the Act.

---

[1] Contemporaneously with this Complaint, Petitioner filed a Petition for Ex-Parte relief, a Temporary Restraining Order, and Scheduling Expedited Hearing. This Court ruled on the Petition in a separate Order.

## THIRD AFFIRMATIVE DEFENSE

Returning the Minor Children to Pakistan would expose them to grave danger within the meaning of the Act.

## FOURTH AFFIRMATIVE DEFENSE

Petitioner acquiesced to Respondent's retention of the children within the meaning of the Act.

## FIFTH AFFIRMATIVE DEFENSE

Returning the Minor Children to Pakistan would deprive Respondent and the Minor Children their human rights within the meaning of the Act.

1.

Respondent admits the parties have three children, M.S.K., S.S.K., and Z.S.K. Respondent denies the remainder of the allegations contained in this Paragraph.

2.

Respondent cannot either confirm or deny the allegations contained in this Paragraph.

3.

This Paragraph is a statement of law.  Thus, no response is required for this Paragraph.

2

4.

This Paragraph is a statement of law.  Thus, no response is required for this Paragraph.

5.

Respondent admits jurisdiction and venue are proper in this Court. Respondent denies the remainder of the allegations contained in this Paragraph.

6.

Respondent admits the allegations contained in this Paragraph.

7.

Respondent admits the allegations contained in this Paragraph.

8.

Respondent admits the parties are still legally married and resided in Attock, Pakistan. Respondent denies the remainder of the allegations contained in this Paragraph.

9.

Respondent admits the allegations contained in this Paragraph.

10.

Respondent admits Petitioner was instructed to file a separate Motion to

Dismiss, if he desired such relief from the Fulton County Superior Court[2].

Respondent denies the remainder of the allegations contained in this Paragraph.

11.

Respondent admits the parties separated in February 2023. Respondent

denies the remainder of the allegations contained in this Paragraph.

12.

Respondent lacks sufficient information to either admit or deny the

allegations contained in this Paragraph.

13.

Respondent admits the allegations contained in this Paragraph.

14.

Respondent she stayed in the same home as Petitioner and all three of the

parties' minor children. Respondent denies the remainder of the allegations

contained in this Paragraph.

15.

Respondent admits Petitioner moved from this home. Respondent denies the

remainder of the allegations contained in this Paragraph.

---

[2] The Fulton County divorce action was jointly dismissed on November 20, 2023.

16.

Respondent admits a third party holds the children's passport. Respondent is unaware of the any "incident" as no incident was pled.  Thus, Respondent is unable to admit or deny the existence of any incident.  Finally, Respondent denies the remainder of the allegations contained in this Paragraph.

17.

Respondent denies the allegations contained in this Paragraph.  Respondent offered Petitioner to visit with the children on alternating weekends.  Petitioner refused.  Despite relocating to Houston, Texas, Petitioner would only accept an alternating week on-week off visitation schedule.  Even more troubling, Petitioner's plan was for the children to travel by car between Houston and Atlanta.  On its face, Petitioner's plan was not in the best interest of the children. See Complaint, Exhibit P.

18.

Respondent admits Petitioner has had limited parenting time with the children, due to his voluntary relocation to Houston, Texas. Respondent denies the remainder of the allegations contained in this Paragraph.

19.

Respondent denies the allegations contained in this Paragraph.

20.

Respondent denies the allegations contained in this Paragraph.

21.

Respondent denies the allegations contained in this Paragraph.

22.

Respondent denies the allegations contained in this Paragraph.

23.

Respondent denies the allegations contained in this Paragraph.

24.

Respondent lacks sufficient knowledge to either admit or deny the

allegations contained in this Paragraph.

25.

Respondent denies the allegations contained in this Paragraph.

26.

Respondent denies the allegations contained in this Paragraph.

27.

Respondent denies the allegations contained in this Paragraph.

28.

Respondent denies the allegations contained in this Paragraph.

29.

Respondent denies the allegations contained in this Paragraph.

30.

Respondent denies the allegations contained in this Paragraph.

31.

This Paragraph is a statement of law.  Thus, no response is required.

32.

Respondent denies the allegations contained in this Paragraph.

33.

Respondent denies the allegations contained in this Paragraph.

34.

Respondent denies the allegations contained in this Paragraph.

35.

Respondent denies the allegations contained in this Paragraph.

36.

Respondent denies the allegations contained in this Paragraph.

37.

This Paragraph is a statement of law.  Thus, no response is required.

This 25th day of December, 2023.

Respectfully submitted by,

*/s/ Lance W. Gowens*
Lance W. Gowens
Attorney for Respondent
Georgia Bar No. 200425

**THE GOWENS LAW FIRM, LLC**
407 E. Maple Street, Suite 104
Cumming, Georgia  30040
Telephone:  (678) 648-7470
E-mail:  lance@gowenslaw.com

8

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **SAJID ALI KHAN,** | **)** | |
| | **)** | **Case Number:** |
| **Petitioner,** | **)** | |
| | **)** | **1:23-cv-04645-JPB** |
| **vs.** | **)** | |
| | **)** | |
| **ANWA BIBI,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |

## CERTIFICATE OF SERVICE, FONT, AND MARGINS

I hereby certify that I electronically filed the foregoing Respondent's *Response to Petitioner's Complaint* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of the same, addressed to all interested parties as follows:

> Monar Amie Ead, Esq.
> 300 Colonial Center Parkway, Suite 100
> Roswell, Georgia 30076
> mimi@meadlegal.com

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 25th day of December, 2023.

[Attorney Signature of Following Page]

Respectfully submitted by,

*/s/ Lance W. Gowens*
Lance W. Gowens
Attorney for Respondent
Georgia Bar No. 200425

**THE GOWENS LAW FIRM, LLC**
407 E. Maple Street, Suite 104
Cumming, Georgia  30040
Telephone:  (678) 648-7470
E-mail:  lance@gowenslaw.com